**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5229**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WILLIAM EUGENE YOUNG, JR.,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Samuel G. Wilson, District Judge.   (CR-98-5)

---

Submitted: June 22, 2006                    Decided: June 26, 2006

---

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas E. Wray, Roanoke, Virginia, for Appellant.   John L. Brownlee, United States Attorney, Sharon Burnham, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Eugene Young, Jr., appeals the district court's order revoking his supervised release and imposing a ten-month sentence on the ground that he violated the conditions of his supervised release by failing to submit truthful and complete monthly supervision reports, failing to notify the probation officer ten days prior to changing his residence, and failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Finding no error, we affirm.

This court reviews a district court's judgment revoking supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). In exercising this discretion, the district court must consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). See 18 U.S.C.A. § 3583(e) (West 2000 & Supp.2005). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). To revoke supervised release, the district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3). We have reviewed the record and find that the district court did not abuse its discretion in revoking Young's supervised release.

Before <u>United States v. Booker</u>, 543 U.S. 220 (2005), we reviewed a sentence imposed upon revocation of supervised release for abuse of discretion.  <u>Davis</u>, 53 F.3d at 642.  This court has not yet decided whether, after <u>Booker</u>, the proper standard is reasonableness.  However, Young's revocation sentence was within the advisory Chapter 7 revocation range of 7-13 months and can be affirmed under either standard.

Accordingly, we affirm the district court's judgment revoking Young's supervised release.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>